**REISSUED FOR PUBLCATION**
MAR 8 2021
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-469V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BARBARA PLOWMAN, | \* Special Master Katherine E. Oler |
| Petitioner, | \* |
| v. | \* Filed: December 14, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* Involuntary Dismissal; Failure to Prosecute; Rule 21(b). |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Barbara Plowman*, pro se, Heiskell, TN, for Petitioner.
*Mollie Gorney*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR FAILURE TO PROSECUTE[1]

### I.      Procedural History

On March 30, 2018, Barbara Plowman ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] alleging that the influenza vaccine she received on November 2, 2016 caused her to develop a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Pet. at 1, ECF No. 1. At the time, Petitioner was

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

represented by Mr. Jeffrey S. Pop. On February 11, 2020, Petitioner filed a motion indicating that she intended to search for new counsel to represent her. ECF No. 36 at 1-2.

On May 11, 2020, Petitioner requested an extension of time to find new counsel. ECF No. 37. I granted this request on May 14, 2020. *See* Non-PDF Order of May 14, 2020.

On June 12, 2020, my law clerk spoke to Petitioner via telephone to inquire about the status of her search for new counsel. Petitioner indicated that she was planning to speak to a lawyer on June 15, 2020. *See* Informal Remark of June 15, 2020.

On June 15, 2020, Mr. Pop filed a motion to withdraw as the attorney of record in this case. I granted that request the same day. ECF Nos. 39, 41. I ordered Petitioner to file a status report regarding her search for new counsel by July 13, 2020. ECF No. 41.

On July 14, 2020, my law clerk emailed Petitioner to remind her that a status report regarding her search for new counsel was due on July 13, 2020. Petitioner did not respond. *See* Informal Remark of July 17, 2020. My law clerk sent a similar email on August 12, 2020. *See* Informal Remark of August 24, 2020. Petitioner did not respond to this email. Accordingly, on August 30, 2020, I ordered Petitioner to file a status report by September 14, 2020 updating the Court on her search for new counsel by October 13, 2020. *See* Non-PDF Order of August 30, 2020. Petitioner did not provide the required update or respond in any way to my order.

On October 13, 2020, I ordered Petitioner to file a status report by October 28, 2020 updating me on her search for new counsel. ECF No. 44. I informed Petitioner that if she did not file this status report, an order to Show Cause would issue. *Id.* at 1. No response from Petitioner was ever received.

On November 9, 2020, I issued an Order to Show Cause. ECF No. 45. I ordered Petitioner to file a status report indicating her desire to continue with the prosecution of her case on or before Monday, December 7, 2020. *Id.* at 2. I informed Petitioner that a failure to do so would be interpreted as a failure to prosecute and her case would be dismissed. *Id.* Petitioner has not responded to the Order to Show Cause.

II.     Conclusion

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court." Since June 12 2020, Petitioner has not communicated with Respondent or my chambers regarding this petition. Petitioner was given ample opportunity to do so. Further, I have repeatedly ordered Petitioner to file her a status report updating me on her search for new counsel. Her failure to comply with my orders along with her lack of any response to my chambers indicate that she is not interested in prosecuting her claim.

As such, **IT IS ORDERED THAT**,

The petition is hereby **DISMISSED** for failure of the petitioner to prosecute.

A copy of this Decision shall be sent to Petitioner by regular first-class mail at the following address:

**Barbara Plowman**
**9514 Diggs Gap Road Lot 3**
**Heiskell, Tennessee 37754**

A copy of this Decision shall also be e-mailed to Petitioner at barbaraplowman45@yahoo.com.

Any questions regarding this Decision may be directed to my law clerk, Neil Bhargava, by telephone at 202-357-6351, or by email at neil_bhargava@cfc.uscourts.gov.

**IT IS SO ORDERED.**

_____
Katherine E. Oler
Special Master